UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EMMETT EZELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-2105-MMM |
| | ) |
| . MOST, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, alleging excessive force at the Jerome Combs Detention Center ("JCDC"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On July 10, 2019, Plaintiff was booked into JCDC after having been arrested on unidentified charges. Plaintiff was placed in a holding cell outside of which four or five jail officers were congregating. The guards had made a joke about Defendant Most's wife or girlfriend, causing Defendant to become angry. Plaintiff claims that Defendant suddenly entered his cell and, without provocation, began choking him. Plaintiff does not, however, allege any particular injury.

Plaintiff claims, without providing any detail, that he has been wrongfully charged and has a pending court date. It is unclear whether Plaintiff is referring to the charges for which he was placed in JCDC custody, or whether he is alleging that he was charged because of the incident with Defendant Most. Plaintiff requests money damages; that Defendant Most be relieved of duty; and that JCDC be investigated.

Plaintiff also asserts that, while there is a grievance process at JCDC, he did not file a related grievance. While Plaintiff names a Jane Doe and John Doe Defendant, he pleads nothing against them.

## ANALYSIS

As Plaintiff is a pretrial detainee, his claims arise under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Fourteenth Amendment excessive force claims are reviewed under an objective reasonableness standard. A Plaintiff need establish only that the defendant's conduct was *objectively* unreasonable, not that defendant was *subjectively* aware that it was unreasonable. *See Miranda v. Lake*, 900 F.3d 335 (7th Cir. 2018) at *9, citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2466. (Emphasis in original).

Here, Plaintiff states an otherwise colorable claim that Defendant Most exerted unjustified force against him. *Hudson v. McMillian*, 503 U.S. 1 (1992) (defendant liable if acting maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline). There is a potential issue, however, as the complaint can be read as alleging that Plaintiff was charged because of the incident between himself and Defendant Most. If Plaintiff was charged and found guilty in the altercation, then the *Heck*-bar could potentially apply. *Heck v. Humphrey*, 512 U.S. 477 (1994), prohibits a prisoner obtaining money damages in

a § 1983 suit where a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence." *Heck,* 512 U.S. at 487. The *Heck*-bar will not apply, however, if the plaintiff successfully establishes that the defendant used more force than was necessary under the circumstances. *See McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006).

If Plaintiff is claiming that the wrongful charges concerned the underlying arrest, the *Heck*-bar might still apply if he were convicted of those charges. Either way, Plaintiff must plead his claims with more detail. He is to identify those specific charges which he believes to be unlawful and the reasons for this belief. Plaintiff is also to identify the final disposition of those charges and any punishment he received.

If the complained-of charges involve the underlying arrest, he is to identify those individuals whom he holds liable. Plaintiff names a Jane Doe and John Doe Defendant but pleads no allegations against them. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [§] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998).

Plaintiff will also be given an opportunity to replead to identify any physical injury he suffered as a result of the alleged use of force. *See Zehner v. Trigg*, 133 F.3d 459, 460 (7th Cir. 1997) (a plaintiff cannot recover for mental or emotional injury without showing a "physical injury as required by Section 803(d) of the Prison Litigation Reform Act ('PLRA'), codified as 42 U.S.C. § 1997e(e)."

As previously noted, Plaintiff pleads a failure to exhaust administrative remedies. As a pretrial detainee, Plaintiff is subject to the provisions of the Prisoner Litigation Reform Act

which require an inmate to exhaust all available administrative remedies prior to filing suit. 42 U.S.C.§ 1997(e)(a). If a prisoner fails to follow all of the necessary grievance procedures, the claim will not be exhausted and will be barred, even if there are no remaining administrative remedies available. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Generally, "exhaustion is an affirmative defense that ordinarily should be raised—and must be proven—by the defendant." *Boyce v. Illinois Dept. of Corrections*, 661 Fed.Appx. 441, 443 (7th Cir. 2016) (internal citations omitted). A district court may dismiss at screening for failure to exhaust only if the failure to exhaust, "is so plain from the face of the complaint that the suit can be regarded as frivolous. But the defense must be unmistakable…" *Id.* at 443. (internal citations omitted). It is unclear at this point whether Plaintiff's administrative remedies were available to him. Plaintiff is to address this issue if he files an amended complaint.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff is placed on notice that it is his responsibility, at all times, to keep the Court Clerk advised of his whereabouts. The failure to do so could result in the dismissal of this case.

 10/13/2021  
ENTERED

                                           s/Michael M. Mihm  
                                           MICAHEL M. MIHM  
                                   UNITED STATES DISTRICT JUDGE